In re the Custody of Kaitlyn Marie Kalbes:

Tanya Marie Hatch, Petitioner-Appellant,

v.

Michael B. Hatch, Respondent-Respondent.

Court of Appeals

*No. 2006AP2259. Submitted on briefs April 10, 2007.
—Decided April 24, 2007.*

2007 WI App 136

(Also reported in 733 N.W.2d 648.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Tammy W. Levit-Jones* of *Crooks, Low & Connell, S.C.*, Wausau.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Kenneth J. Andraski* of *Lonsdorf & Andraski, LLP*, Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Tanya Hatch appeals an order dismissing her Wisconsin custody action. She argues the circuit court erroneously interpreted the Uniform Child Custody Jurisdiction and Enforcement Act when it concluded Idaho, not Wisconsin, was the proper forum to adjudicate custody of her daughter. We agree, reverse the judgment, and remand for further proceedings in Wisconsin.

## BACKGROUND

¶ 2. Tanya and Michael Hatch were married in Idaho on May 28, 2005, and lived in Idaho during the course of their marriage. They separated in early De-

cember 2005. Tanya left Idaho and moved to Wisconsin on December 9. Tanya was pregnant when she moved and gave birth to Kaitlyn on April 14, 2006.

¶ 3. Michael filed for divorce in Idaho on December 20, 2005. Tanya was served with the summons and complaint in the Idaho action on February 2, 2006, and made a general appearance on February 22. On April 26, Tanya filed this action in Wisconsin seeking custody of Kaitlyn. On May 8, Michael moved for custody in the Idaho divorce proceeding.

¶ 4. Michael's Idaho motion was heard June 1. The Idaho court determined it had jurisdiction over the custody issue and ordered Tanya to return to Idaho with Kaitlyn by June 15. Michael also made a limited appearance in the Wisconsin custody action, asking the court to either dismiss the action or order Tanya to comply with the Idaho court order.

¶ 5. The circuit court held a hearing on Tanya's Wisconsin custody action on July 13. At the hearing, the court concluded the Idaho court had jurisdiction over the case due to the pending divorce proceeding, and dismissed the Wisconsin action.

### STANDARD OF REVIEW

¶ 6. As a general matter, custody determinations are committed to the circuit court's discretion. *Koeller v. Koeller*, 195 Wis. 2d 660, 663, 536 N.W.2d 216 (Ct. App. 1995). A circuit court properly exercises its discretion when it "examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, arrives at a conclusion that reasonable judges could reach." *Guelig v. Guelig*, 2005 WI App 212, ¶ 44, 287 Wis. 2d 472, 704 N.W.2d 916. This case also

calls for interpretation of WIS. STAT. ch. 822.[1] The meaning of a statute is a question of law reviewed without deference to the circuit court. *Hess v. Fernandez*, 2005 WI 19, ¶ 36, 278 Wis. 2d 283, 692 N.W.2d 655.

## DISCUSSION

¶ 7. The parties dispute whether Idaho or Wisconsin has jurisdiction over this custody dispute under the Uniform Child Custody Jurisdiction and Enforcement Act (the "Uniform Act"), WIS. STAT. ch. 822.[2]

¶ 8. When interpreting statutes, we begin with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is given its common, ordinary, and accepted meaning . . . ." *Id.* We interpret statutory language in the context in which it is used and in relation to the language of surrounding or closely related statutes. *Id.*, ¶ 46.

¶ 9. WISCONSIN STAT. § 822.21(1) provides that a Wisconsin court "has jurisdiction to make an initial determination" if Wisconsin "is the home state of the child on the date of the commencement of the proceeding . . . ." WIS. STAT. § 822.21(1)(a).

---

[1] Wisconsin adopted the Uniform Child Custody Jurisdiction and Enforcement Act effective March 25, 2006. *See* 2005 Wis. Act 130. All references to the Wisconsin Statutes are to the Uniform Act as enacted in March 2006 unless otherwise noted.

[2] Idaho enacted the Uniform Act on July 1, 2000. Franki Jean Hargrave: *Practitioner's Guide to the Uniform Child Custody Jurisdiction and Enforcement Act* (Idaho Advocate June 2001); *see also* IDAHO CODE ANN. § 32–11–101 *et. seq.* (West 2006).

"Home state" means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than 6 months of age, the term means the state in which the child lived from birth with any of the persons mentioned in this subsection. A period of temporary absence of any of the persons mentioned in this subsection is part of the period.

WIS. STAT. § 822.02(7). Tanya contends Wisconsin is Kaitlyn's "home state" under this definition, and therefore Wisconsin has initial jurisdiction under § 822.21(1). We agree.

¶ 10. Kaitlyn was born April 14, 2006. Tanya initiated the Wisconsin custody proceeding on April 26, when Kaitlyn was less than two weeks old. The "home state" of a child less than six months old is "the state in which the child lived from birth with" a parent or person acting as a parent. WIS. STAT. § 822.02(7). Kaitlyn was born in Wisconsin and lived from birth with Tanya in Wisconsin. Wisconsin therefore was Kaitlyn's "home state," and the Wisconsin court had jurisdiction over the custody proceeding under WIS. STAT. § 822.21(1).

¶ 11. Michael argues this result is contrary to the purpose of the Uniform Act's purpose of promoting cooperation "to the end that a custody decree is rendered in the state that can best decide the case in the interest of the child." WIS. STAT. § 822.01(2)(a)-(b). This argument ignores the overall purpose and structure of the Uniform Act. Under prior law, there were four different bases for initial jurisdiction, which conceivably could allow more than one state initial jurisdiction. WIS. STAT. § 822.03(1) (2003-04); *see also* Kelly Gaines Stoner, *The Uniform Child Custody Jurisdiction &*

*Enforcement Act (UCCJEA)—A Metamorphosis of the Uniform Child Custody Jurisdiction Act (UCCJA)*, 75 N.D. L. Rev. 301, 312–313 (1999).

¶ 12. The Uniform Act changed this rule. Under the Uniform Act, home state jurisdiction always receives priority, and other jurisdictional bases are available only when there is no home state, or where the home state declines jurisdiction. Stoner, *supra* at 313; Wis. Stat. § 822.21(b)-(d). These clear rules will, at least in theory, always leave a single state with jurisdiction over the custody proceeding and avoid the "jurisdictional competition and conflict" present under prior law. Wis. Stat. § 822.01(2)(a). Wisconsin's home state jurisdiction therefore is fully consistent with the purposes of the Uniform Act.

¶ 13. In the alternative, Michael advances a number of reasons the circuit court correctly dismissed the Wisconsin action even if Wisconsin was Kaitlyn's "home state." First, Michael argues the Wisconsin action is an attempt to modify the Idaho order under Wis. Stat. § 822.23. Under § 822.23(1), a court may only modify another court's custody determination if the other court "determines that it no longer has exclusive, continuing jurisdiction under s. 822.22" or determines that the Wisconsin court would be a more convenient forum.

¶ 14. Wisconsin Stat. § 822.23 simply is not applicable here. The Idaho court never had exclusive, continuing jurisdiction in the first place because it is not—and never was—Kaitlyn's "[h]ome state." Wis. Stat. §§ 822.22(1); 822.21(1); 822.02(7). Michael's argument also ignores Wis. Stat. § 822.26, which has rules expressly dealing with simultaneous proceedings. As Tanya points out, analyzing this case under § 822.23 would mean that in all cases where simultaneous proceedings exist, the first court to enter a custody order

would have jurisdiction. This is contrary to the specific rules governing simultaneous proceedings in § 822.26.

¶ 15. Michael next argues Idaho is a proper forum under Wis. Stat. § 822.26. With an exception not relevant here, § 822.26(1) provides that

> a court of this state may not exercise its jurisdiction under this subchapter if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under s. 822.27.

Michael argues the Idaho proceeding is a qualifying proceeding under this section, and therefore the Wisconsin court properly declined to exercise its jurisdiction.

¶ 16. We disagree. Wis. Stat. § 822.26(1) prohibits a Wisconsin court from exercising jurisdiction only in response to a proceeding in a different state court "having jurisdiction substantially in conformity with this chapter . . . ." Here, the Idaho court did not have jurisdiction to make an initial determination of Kaitlyn's custody because Kaitlyn's "home state" was Wisconsin.[3] The Idaho court therefore did not have jurisdiction "substantially in conformity with this chap-

---

[3] In addition to home state jurisdiction under Wis. Stat. § 822.21(1)(a), the Uniform Act has a number of other grounds for initial jurisdiction that apply if no other state has home state jurisdiction or if the home state declines jurisdiction under Wis. Stat. § 822.27. *See* Wis. Stat. § 822.21(b)-(d). Because Wisconsin is the home state and has not declined jurisdiction under Wis. Stat. § 822.27, none of these alternate bases for initial jurisdiction apply.

ter," and the Wisconsin court was not prohibited from exercising jurisdiction under § 822.26(1).[4]

¶ 17.　Michael also argues the court properly declined jurisdiction under Wis. Stat. § 822.27. Under Wis. Stat. § 822.27, a court may decline to exercise its jurisdiction if it determines it is an inconvenient forum and another state is more appropriate. Wis. Stat. § 822.27(1).

¶ 18.　The parties both focus on whether the court even made a finding that Wisconsin would be an inconvenient forum. In its oral decision, the court stated:

> Wisconsin does not automatically, in this Court's mind, does not automatically acquire sole jurisdiction over a child born here, if it is a marital child of an action of a divorce pending in another state in which orders have been entered. That's the distinction this Court draws.
>
> 　. . . .
>
> So the Court's declining to exercise jurisdiction. I see very little, very little need to talk to the [Idaho judge] because, frankly speaking, with my analysis of the law,

---

[4] Michael argues any error in the Idaho court's conclusion was due to Tanya's failure to raise a jurisdictional objection in Idaho. The complete Idaho court record is not part of the record in this case, making it impossible to determine for certain whether Tanya raised such an objection. The Idaho order simply says that the court and the parties "are not dealing with" a Uniform Act problem because Tanya appeared in the divorce action. In any event, Wis. Stat. § 822.26(1) refers simply to whether the Idaho court substantially complied with the Uniform Act—in other words, whether it had jurisdiction as defined in Wis. Stat. § 822.21(1). Section 822.26(1) does not include any requirement that a party raise a jurisdictional objection in the other state's court.

I think it absolutely flows with his. He relied on the fact that [the Idaho court] had jurisdiction of this marriage . . . .

¶ 19. We do not see how this statement by the court amounted to a conclusion that Wisconsin was an inconvenient forum. However, even assuming the court did intend to make such a finding, it failed to apply the standard found in Wis. Stat. § 822.27(2). Section 822.27(2) states the court "*shall* consider all relevant factors, including all of" eight listed factors. Wis. Stat. § 822.27(2) (emphasis added). The factors include whether there is any need to protect the child from domestic violence, the distance between Wisconsin and the other state, the location of the child, and the relative financial circumstances of the parties. Wis. Stat. §§ 822.27(2)(a), (c)-(d), (f).[5]

¶ 20. When a statute requires the court to consider "all of" specified factors, "the record must at least reflect the court's consideration of all applicable" factors. *LeMere v. LeMere*, 2003 WI 67, ¶ 25, 262 Wis. 2d 426, 663 N.W.2d 789. If the court does not do so, it erroneously exercises its discretion. *Id.* Here, the court never explicitly referenced the statute itself, never mentioned whether Kaitlyn needed protection from domestic violence, never mentioned the relative financial circumstances of Tanya and Michael, and never explained the significance of Kaitlyn's location or the distance between Idaho and Wisconsin. Even assuming the court intended to make a finding under § 822.27, it did not apply the standard found in that section, and

---

[5] Wisconsin Stat. § 822.27(2) also requires the court to "allow the parties to submit information" before making a decision. No evidentiary hearing was held in this case.

therefore any finding under § 822.27 was an erroneous exercise of discretion. *See id.*

¶ 21. Finally, Michael argues the court properly declined jurisdiction under WIS. STAT. § 822.28. Section 822.28 requires a Wisconsin court to decline jurisdiction where jurisdiction exists because "a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct . . . ."[6] WIS. STAT. § 822.28(1). Michael argues Tanya's move to Wisconsin was "unjustifiable conduct" because it was for all practical purposes an abduction of Kaitlyn before she was born. Michael contends that because Tanya's move created Wisconsin jurisdiction, the court is required to decline jurisdiction.

¶ 22. The problem with Michael's argument is that there are no facts in the record indicating the reason for Tanya's move.[7] Without any facts giving her reason, Michael is in effect requesting a blanket rule that whenever a pregnant woman crosses state lines for any reason, she engages in "unjustifiable conduct" for purposes of WIS. STAT. § 822.28(1). We decline to create any such rule.[8]

¶ 23. We realize our holding means that both Wisconsin and Idaho now claim jurisdiction over the

---

[6] This rule is subject to certain exceptions not relevant here. *See* WIS. STAT. § 822.28(1)(a)-(c).

[7] At the hearing, attorneys for the parties made various allegations about the parties' conduct, but did not offer any evidence. Statements of attorneys are not evidence. *See State v. Delgado*, 2002 WI App 38, ¶ 16, 250 Wis. 2d 689, 641 N.W.2d 490.

[8] The parties both ask us to fashion a broader rule regarding whether an unborn child is subject to the Uniform Act. We need not do so. We hold merely that crossing state lines while pregnant, without more, is not "unjustifiable conduct" under WIS. STAT. § 822.28. *See Patrick Fur Farm, Inc. v. United*

custody dispute, a result the Uniform Act was designed to avoid. *See* WIS. STAT. 822.01(2)(a). However, under the Uniform Act, Wisconsin is Kaitlyn's "home state," has initial jurisdiction, and has not declined jurisdiction under WIS. STAT. §§ 822.27 or 822.28. Under Wisconsin law, then, the Wisconsin proceeding must continue.

*By the Court.*—Order reversed and cause remanded for further proceedings.

¶ 24. CANE, C.J. (*dissenting*). I respectfully dissent. Even assuming Wisconsin is the home state as the majority concludes and as the circuit court ultimately agreed, I conclude the circuit court properly exercised its discretion to decline jurisdiction under WIS. STAT. § 822.27 which states in relevant part:

> (1) A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or the request of another court.
>
> (2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction.

¶ 25. Here, the circuit court reasonably exercised its discretion to decline jurisdiction when it concluded the Idaho court was the more appropriate forum and the Wisconsin court the inconvenient forum by reasoning that:

*Vaccines, Inc.*, 2005 WI App 190, ¶ 8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (court of appeals decides cases on the narrowest possible grounds).

226

(a) the divorce proceedings had already been properly commenced in Idaho while the wife was still pregnant;

(b) the Idaho court has jurisdiction not only over the marriage, but also over any children born during that marriage and the child was born during the marriage;

(c) the wife had appeared in the Idaho divorce proceeding;

(d) the Idaho court asserted its jurisdiction over the marriage and the issue of custody and support of the marital child;

(e) it would be inappropriate for two courts of different states to assume jurisdiction of the same child custody issue; and

(f) finally, custody of the marital child should be decided in one court and that court should be where the divorce proceeding had already been properly commenced, namely, the Idaho court.

¶ 26. This was a reasonable exercise of discretion and I would therefore affirm the circuit court's discretionary decision to decline jurisdiction.