2008 UT App 364

**Nicholas A. MEYERES, Petitioner and Appellant,**

v.

**Sarah L. MEYERES, Respondent and Appellee.**

**No. 20080039-CA.**

Court of Appeals of Utah.

Oct. 17, 2008.

---

Matthew L. Harris, Stephen K. Harris, and Jeremy R. McCullough, Hurricane, for Appellant.

Ellen Maycock and Jennifer L. Falk, Salt Lake City, for Appellee.

Before Judges GREENWOOD, THORNE, and DAVIS.

### OPINION

DAVIS, Judge:

¶1 Petitioner Nicholas A. Meyeres (Father) appeals the district court's order deferring to a Kansas court on child custody issues. Father argues that only the Utah court had subject matter jurisdiction over the issues and that the court should not have deferred to the Kansas court's determination regarding jurisdiction. We reverse and remand.

### BACKGROUND

¶2 Father married Sarah L. Meyeres (Mother) on October 18, 2005. One month later, on November 18, 2005, their son was born. The parties thereafter separated, and Mother moved to Kansas with the child in early January 2006, when the child was approximately six weeks old. On January 12, 2006, Mother filed for divorce in Kansas, and on February 15, 2006, Father filed for divorce in Utah. The Utah court and the Kansas court eventually held a telephone conference together to discuss which court had subject matter jurisdiction to make the child

1. Kansas has also enacted this uniform law. See

custody determination under the Uniform Child Custody Jurisdiction and Enforcement Act (the UCCJEA), *see* Utah Code Ann. §§ 78B–13–101 to –318 (Supp.2008).[1] *See generally id.* § 78B–13–110 (providing for such communication between courts). During this conference, the Kansas court stood behind its prior determination that the Kansas court had subject matter jurisdiction over the case and refused to defer to the Utah court. As a result, the Utah court, reasoning that it was "left with few choices," deferred to the Kansas court on child custody issues.

### ISSUE AND STANDARD OF REVIEW

 ¶3 Father argues that the Utah court, not the Kansas court, had subject matter jurisdiction over child custody issues and that the district court should not have deferred to the Kansas court. His arguments are entirely dependent on questions of statutory interpretation. "Both jurisdictional questions and questions of statutory interpretation are questions of law that we review for correctness." *In re P.F.B.*, 2008 UT App 271, ¶10, 191 P.3d 49.

### ANALYSIS

¶4 Under the jurisdictional statute of the UCCJEA, when determining whether a state court has subject matter jurisdiction to make an initial child custody determination, priority is given to the child's home state. *See* Utah Code Ann. § 78B–13–201(1). A child's home state is defined as

> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned.

*Id.* § 78B–13–102(7). The court of the state that "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement" has sub-

Kan. Stat. Ann. §§ 38–1336 to –1377 (2000).

ject matter jurisdiction over the child custody proceeding.[2]  *Id.* § 78B–13–201(1)(a). So long as there is a court that meets these home-state requirements and that court does not decline subject matter jurisdiction based on inconvenient forum, *see generally id.* § 78B–13–207, or unjustifiable conduct, *see generally id.* § 78B–13–208, no other state's court will have subject matter jurisdiction to make an initial custody determination. *See id.* § 78B–13–201(1)(b)–(d); *see also Arjona v. Torres,* 941 So.2d 451, 455 (Fla.Dist.Ct. App.2006) ("[U]nder the UCCJEA, if Florida is not the child's home state, a child's significant connection with Florida is no longer sufficient to confer subject matter jurisdiction upon a Florida court unless the child's home state has declined to exercise its jurisdiction."); *In re Brown,* 203 S.W.3d 888, 891 (Tex.App.2006) ("[H]ome-state jurisdiction trumps all other possible bases of jurisdiction in an initial child custody action...."); *Hatch v. Hatch (In re Kalbes),* 2007 WI App 136, ¶ 12, 733 N.W.2d 648, ¶ 12 ("Under the Uniform Act, home state jurisdiction always receives priority, and other jurisdictional bases are available only when there is no home state, or where the home state declines jurisdiction.").

■ ¶ 5 Here, because the child was less than six months old when the proceedings were commenced, the only state that could be the child's home state was the state in which he had lived with a parent since birth. *See* Utah Code Ann. § 78B–13–102(7). When the Kansas proceeding was commenced in January 2006, the child had not lived in Kansas with a parent since birth, so Kansas was not the child's home state. But just a few weeks prior to that, immediately

before Mother moved to Kansas, Utah was the child's home state because the child had lived in Utah with a parent since birth.[3] Mother is correct that Utah was not the child's home state when the Kansas proceeding commenced, but she overlooks the fact that Utah was the child's home state within the six months prior to commencement, which gives the Utah court home-state jurisdiction under the UCCJEA, *see id.* § 78B–13–201(1)(a); *see also In re Burk,* 252 S.W.3d 736, 741 (Tex.App.2008) ("There is no indication the legislature intended 'the home state ... within six months,' to apply only to children six months of age or older." (omission in original)). Thus, because Utah was the child's home state sometime within the six months prior to the commencement of proceedings and a parent continues to reside in Utah, the Utah court had subject matter jurisdiction to make an initial custody determination.

■ ¶ 6 The Utah court, although believing that it had home-state jurisdiction, determined that it was left with no option other than to accept the decision of the Kansas court because of the simultaneous proceeding statute, *see* Utah Code Ann. § 78B–13–206. That statute provides that a Utah court cannot exercise its jurisdiction if a proceeding concerning child custody was previously commenced in a state court "having jurisdiction substantially in conformity with" the UCCJEA. *Id.* § 78B–13–206(1). But the language of the statute clearly states that the Utah court must make the decision of whether another state's court has such jurisdiction. *See id.* § 78B–13–206(2) ("*If the court [of this state] determines* that a child custody

---

2. In the latter situation, a parent or person acting as a parent must continue to live in the state that was the child's home state sometime in the six months prior to the commencement of the proceeding. *See* Utah Code Ann. § 78B–13–201(1)(a) (Supp.2008).

3. We agree with Mother that the birth state of a child less than six months old is not necessarily that child's home state. The UCCJEA instead employs a different test to determine the home state, using the state where "the child lived from birth with" a parent. *See id.* § 78B–13–102(7). There are undoubtedly cases-such as the adoption case on which Mother relies, *see In re Adoption of Baby Girl B.,* 19 Kan.App.2d 283, 867

P.2d 1074 (1994)-where the child has not lived from birth with a parent in the birth state. In the vast majority of circumstances, however, a child's birth state will meet the definition of the home state for a child younger than six months. *See, e.g., In re Burk,* 252 S.W.3d 736, 741 (Tex. App.2008) (determining that Texas, not Colorado, was the child's home state and had jurisdiction to make the initial custody determination where the child was born in Texas and lived with the parents there for nearly three months and then moved with the mother to Colorado and lived there for nearly three months before the petition was filed).

proceeding was previously commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding .... " (emphasis added)); *M.J.P. v. K.H.*, 923 So.2d 1114, 1117 (Ala.Civ.App.2005) ("In cases involving simultaneous proceedings in different states, the UCCJEA requires the Alabama court to examine the court documents from the other state's court and determine whether that other state's court has jurisdiction substantially in conformity with the provisions of the UCCJEA."). Thus, the Kansas court's determinations that it had subject matter jurisdiction and that it would not defer to the Utah court are irrelevant to the outcome of the jurisdictional analysis.[4] As discussed above, the Kansas court did not have jurisdiction substantially in conformity with the UCCJEA; thus, the Utah court was not "left with few choices" or required to defer to the Kansas court based on the simultaneous proceeding statute.[5] *See Welch–Doden v. Roberts*, 202 Ariz. 201, 42 P.3d 1166, 1176 (Ct.App.2002) ("Because Oklahoma had home state jurisdiction, Arizona did not have jurisdiction 'substantially in conformity with [the UCCJEA].' "); *Arjona*, 941 So.2d at 456 ("We conclude that because Florida is the 'home state' of the children and Florida has not declined to exercise jurisdiction over the custody issues of the children, the proceedings in Mexico were not commenced substantially in conformity with the jurisdictional requirements of [the jurisdictional statute]. Thus, the communication requirement of [the simultaneous proceeding statute] has no application in the instant case."); *In re Burk*, 252 S.W.3d at 741 ("Because there is a court of another state that has jurisdiction under [the jurisdictional statute], the Colorado court does not have jurisdiction in substantial conformity with [the UCCJEA] to make an initial child custody determination. Conse-

quently, [the simultaneous proceeding statute] does not preclude the Texas court from exercising jurisdiction."); *Hatch*, 733 N.W.2d 648, ¶ 16 ("[T]he Idaho court did not have jurisdiction to make an initial determination of [the child's] custody because [the child's] 'home state' was Wisconsin. The Idaho court therefore did not have jurisdiction 'substantially in conformity with [the UCCJEA],' and the Wisconsin court was not prohibited from exercising jurisdiction under [the simultaneous proceeding statute]." (footnote omitted)).

■ ¶ 7 Mother argues that the Kansas court could have had jurisdiction based on a temporary emergency jurisdiction theory. The UCCJEA provides that in some situations of abandonment or abuse, a court where the child is located, which court does not have subject matter jurisdiction to make an initial custody determination, may have temporary emergency jurisdiction to make a custody determination. *See* Utah Code Ann. § 78B–13–204(1) (Supp. 2008). However, any such order would be in effect only until the Utah court, the court having subject matter jurisdiction, made its order regarding custody. *See id.* § 78B–13–204(2). Moreover, Mother's Kansas counsel clarified during the phone conference, "We are not arguing the temporary order issuing protection from abuse action [h]as any relevance here today.... That had a short life. It was dismissed fairly-a couple of weeks after it was filed." Thus, Mother argued below only that the initial January divorce filing gave Kansas jurisdiction over the child custody determination, an argument which we have rejected.

■ ¶ 8 Of course, even though the Utah court is the court with subject matter jurisdiction, the court can decline to exercise its jurisdiction if it determines that Utah is an

---

4. Mother asserts that Father's Kansas counsel argued that Kansas was the child's home state. Mother provides no record citation for her assertion, and we see no such argument by Father's Kansas counsel in the transcript. Indeed, to the contrary, Father's Kansas counsel stated, "[I]t would be our position that Utah was the home state and when this action was filed, first filed in Kansas, [Mother] had only lived [in Kansas] for a period of about six days."

5. The Utah court stated, "Even though it does on the surface appear that the home state definition would apply in this case, I'm [going to] honor Judge Rome's assertion of jurisdiction in this case and rule with Judge Rome." Although the court with home state jurisdiction may decline to exercise jurisdiction, it may so decline based only on the reasons set forth in the UCCJEA, *see id.* § 78B–13–102(1), and not as a matter of collegiality.

inconvenient forum and Kansas is a more appropriate forum, *see generally id.* § 78B–13–207, or if Father has engaged in unjustifiable conduct, *see generally id.* § 78B–13–208.[6] *See id.* § 78B–13–201(1)(b). *See generally In re Burk,* 252 S.W.3d at 741 ("Applying a physical-presence test to determine home-state jurisdiction, then allowing that court to consider the forum's relative convenience, creates jurisdictional certainty without diluting the significance of the underlying facts and circumstances presented in an individual case." (internal quotation marks omitted)). But the Utah court did not base its deference decision on either of these reasons. Rather, the Utah court's decision was based on its erroneous understanding that it was left with no alternative but to defer to the Kansas court's jurisdictional decision. The Utah court did, however, note that "Utah appears to be an inconvenient forum," an opinion apparently based on the length of time the child had lived in Kansas. But this comment was specifically prefaced with the words "[a]lthough no specific findings are made," and the comment does not amount to a determination that Utah is an inconvenient forum and that Kansas is a more appropriate forum. Thus, the Utah court has not appropriately declined jurisdiction and we must remand to the district court to address and determine the issue of inconvenient forum, considering, in addition to the length of time the child has lived in Kansas, the several other factors required by statute, *see* Utah Code Ann. § 78B–13–207(2).

## CONCLUSION

¶ 9 Because the Utah court had home state jurisdiction, it was error for the court to defer to another state court that did not have jurisdiction substantially in conformity with the UCCJEA without actual findings that the Utah court is an inconvenient forum and that the court of the other state is a more appropriate forum. We therefore remand to the

district court to make findings and conclusions regarding whether Utah should decline to exercise its jurisdiction because it is an inconvenient forum and Kansas is a more appropriate forum.

¶ 10 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and WILLIAM A. THORNE JR., Associate Presiding Judge.

---

**6.** Mother does not argue that Father has engaged in unjustifiable conduct here. Father does argue that Mother has engaged in unjustifiable conduct, but that issue is irrelevant to our analysis because such conduct would only be a factor in a Kansas court determination to decline to exercise jurisdiction. We do note, however, that this does not at first blush appear to be the case of forum

shopping that Father alleges, considering that Mother simply moved back home to live with her parents after her marriage failed, returning to a state in which she had lived for her whole life excepting her seven months in Utah. We see no indication that Mother's move had anything to do with the law in Kansas being more favorable to her case.