LUNDSTEN, P.J.[1]
¶1 A.P. appealed the circuit court's orders terminating her parental rights to her children A.P., D.P., N.P., and T.P. After these appeals were filed, this court remanded to the circuit court and the termination orders were vacated. Therefore, all that remains is A.P.'s challenge to a statutory jurisdictional ruling and, if I conclude that the jurisdictional ruling was in error, the appropriate remedy. More specifically, the jurisdictional issue is whether the circuit court correctly found, under WIS. STAT. § 822.23, that it had jurisdiction to enter an order modifying a Minnesota custody order. I agree with A.P. that, based on the record before it, the circuit court had insufficient information to affirmatively find that it had such jurisdiction. As to the proper remedy, I reject A.P.'s request for dismissal of these actions and instead remand for further proceedings.
Background
¶2 J.P. and A.P. were married in 2005, and they divorced in Minnesota in 2014. Prior to the divorce, the parties were living together in Rochester, Minnesota.
¶3 During the pendency of the divorce action, J.P., in the Minnesota court, applied for and was granted an "Order for Protection" for himself and the children. This Minnesota order granted full custody to J.P. and restricted A.P.'s contact with the children to supervised parenting time at a specified location. The divorce judgment granted J.P., initially, sole legal custody and sole physical custody of the children, and granted A.P. parenting time as set forth in the Order for Protection. The order provided that, when an Order for Protection was no longer in place, the parties would then share joint legal custody.
¶4 In 2017, J.P. and the children moved to Wisconsin. In April 2018, J.P. commenced these actions in La Crosse County for the termination of A.P.'s parental rights to their four children. The petitions alleged two grounds for termination-continuing denial of periods of physical placement and failure to assume parental responsibility. The termination petitions alleged that A.P.'s address was unknown. J.P. also filed a Uniform Child Custody Jurisdiction and Enforcement Act Affidavit, which listed two Minnesota District Court case numbers as "other proceeding[s] concerning the custody, physical placement, or visitation with the child(ren)."
¶5 A.P. was not personally served with the petitions, and J.P. ultimately published notice of the termination hearing in a newspaper that was based in Rochester, Minnesota. A.P. did not appear at the termination hearing on June 13, 2018. The circuit court found A.P. in default and, without hearing any testimony in support, granted the petitions for termination of A.P.'s parental rights on the ground of abandonment.
¶6 A.P. filed notices of appeal. A.P. then moved this court for an order remanding these matters to the circuit court so that she could raise the following issues: (1) whether the circuit court lacked subject matter jurisdiction because the Minnesota courts had exclusive, continuing jurisdiction; (2) whether the circuit court lacked personal jurisdiction over A.P.; (3) whether A.P. was entitled to relief from judgment under WIS. STAT. § 806.07(1)(a) due to mistake because the court failed to take testimony supporting the ground for termination; and (4) whether A.P. was entitled to relief from judgment under § 806.07(1)(a) because her failure to appear was due to excusable neglect.
¶7 This court remanded the matter, but retained jurisdiction over the appeals. On remand, the circuit court vacated the TPR orders, concluding that it had erred by finding A.P. in default without hearing testimony providing the ground for termination, as required by WIS. STAT. § 48.422(3). The circuit court also found that it had jurisdiction to hear the TPR cases under WIS. STAT. ch. 822 and denied A.P.'s motion to dismiss the termination cases.
Discussion
¶8 The resolution of these appeals requires the application of WIS. STAT. ch. 822 to undisputed facts. The meaning of the statutes in that chapter is a question of law that I review without deference to the circuit court. See Hatch v. Hatch , 2007 WI App 136, ¶6, 302 Wis. 2d 215, 733 N.W.2d 648.
¶9 A.P.'s briefing addresses the circuit court's jurisdiction to modify the Minnesota custody order. We understand the parties to agree that, under the circumstances here, a termination of parental rights order issued in Wisconsin is a modification of "a child custody determination made by a court of another state" within the meaning of WIS. STAT. § 822.23. I first explain why I conclude that the circuit court's jurisdictional ruling under § 822.23 is flawed, and then address the proper remedy.
A. Whether The Circuit Court Has Jurisdiction Within the Meaning of WIS. STAT. § 822.23
¶10 The purpose of WIS. STAT. ch. 822 is to provide "clear rules [that] will, at least in theory, always leave a single state with jurisdiction over the custody proceeding and avoid the 'jurisdictional competition and conflict' present under prior law." See Hatch , 302 Wis. 2d 215, ¶12 (quoting WIS. STAT. § 822.01(2)(a) ). A.P. contends that, pursuant to WIS. STAT. § 822.23, Minnesota rather than Wisconsin had jurisdiction over all custody matters involving the children. Section 822.23 provides:
Except as provided in s. 822.24, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under s. 822.21(1)(a) or (b) and one of the following applies:
(1) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under s. 822.22 or that a court of this state would be a more convenient forum under s. 822.27.
(2) A court of this state or a court of the other state determines that the child, the child's parents, and all persons acting as parents do not presently reside in the other state.
¶11 As I understand WIS. STAT. § 822.23, a threshold issue is whether the children have sufficient contacts with this state because either sub. (1)(a) or sub. (1)(b) of WIS. STAT. § 822.21 is satisfied. I perceive no dispute on this topic.
¶12 In addition to the threshold issue above, a court has jurisdiction to "modify a child custody determination made by a court of another state" only if either sub. (1) or sub. (2) of WIS. STAT. § 822.23 is satisfied. There is no dispute that, at the time of the remand, the circuit court did not have before it information that sub. (1) was satisfied.
¶13 Accordingly, my understanding is that the dispute on appeal is whether there was a basis in the record for the circuit court to find that sub. (2) of WIS. STAT. § 822.23 was satisfied. I conclude that the answer is no, but first address the circuit court's reasoning and an argument by J.P.
¶14 The circuit court appeared to reason that WIS. STAT. § 822.23(2) was satisfied and that the court had jurisdiction to proceed with the TPR actions because, if Wisconsin did not have jurisdiction, the children would be in "limbo," that it was "clear that [A.P.] at the time was not acting as a parent," and that "[t]he child[ren]'s parents, parent who was the-had sole custody, and only one [who] could have actual[ ] contact with the child[ren] at the time was [J.P.] here in Wisconsin." This may be a common-sense view of the situation, but I am unable to reconcile it with the requirement found in sub. (2). In particular, the court's apparent reasoning that sub. (2) is satisfied if all persons acting as parents live in Wisconsin does not find support in the statutory language.
¶15 J.P. attempts to support the circuit court's decision on the basis that, at the time the petitions were filed, A.P.'s residence was unknown. However, under WIS. STAT. § 822.23(2), there needed to be a finding that A.P. did "not presently reside" in Minnesota. A lack of knowledge of A.P.'s residence does not satisfy that requirement.
¶16 For the same reason that I reject J.P.'s argument, I conclude that the record before the circuit court at the time of its ruling did not satisfy WIS. STAT. § 822.23(2). Under sub. (2), there needed to be evidence supporting a finding that A.P. did "not presently reside" in Minnesota. So far as I can tell, all that the record revealed at the time of the remand was that A.P. told the circuit court that she was in Minnesota at a women's shelter at the time the TPR petitions were filed.
¶17 Accordingly, I reverse the circuit court's order to the extent the order determines that the court has jurisdiction to modify the existing Minnesota custody order.
B. Whether Dismissal or Remand Is the Appropriate Remedy
¶18 As to the appropriate remedy, A.P. makes two arguments. First, A.P. argues that, if the circuit court lacked jurisdiction to modify the Minnesota child custody order, the TPR actions must be dismissed. To the extent I understand the argument, A.P. seems to equate a lack of jurisdiction to modify a child custody determination under WIS. STAT. § 822.23 with a complete lack of jurisdiction. I know of no reason why that might be true. I agree that, before a circuit court may enter a TPR order or other order modifying another state's custody order, there must be some justification in Wisconsin law. But it does not follow that an action must be dismissed. As discussed below, in these cases, it appears appropriate to proceed under a different statute in WIS. STAT. ch. 822.
¶19 Assuming circuit court error, J.P. argues that the appropriate remedy is remand so that the circuit court has the opportunity to apply WIS. STAT. § 822.26(2), which provides:
Except as provided in s. 822.24, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties under s. 822.29. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.
Under the facts here, this statute apparently requires communication with Minnesota. More specifically, here it is undisputed that "a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [ch. 822]," and, under these circumstances, the statute directs that "the court of this state shall stay its proceeding and communicate with the court of the other state" (emphasis added).
¶20 A.P. asserts that the procedure outlined in the second sentence of WIS. STAT. § 822.26(2) for communicating with the court of another state must precede the merits of the termination proceeding and that that did not occur. It follows, according to A.P., that the only remedy is the one found in the third sentence of § 822.26(2) -that is, dismissal. A.P.'s argument fails for three reasons. First, the termination orders have been vacated and, thus, the parties on remand will be, essentially, in the same procedural posture contemplated in the first two sentences of § 822.26(2). Second, it appears to me that A.P.'s argument takes the remedy in § 822.26(2) out of context. As best I can tell, § 822.26(2) calls for dismissal if, after the circuit court communicates with the court of the other state, the other state does not determine that Wisconsin is a more appropriate forum. There is no evidence of such a determination from the Minnesota court. Third, even if I am missing something about § 822.26(2), I fail to understand why dismissal is, as A.P. asserts, required. A.P. does not present a developed statutory interpretation argument explaining why it might be that the legislature had in mind the scenario presented by these cases when it wrote, in § 822.26(2), "shall dismiss the proceeding."
¶21 Regarding remand, I stress that I do not hold that the circuit court must take any particular action. Rather, what I mean to say above is that it appears to me that there is no reason to dismiss these cases and that it appears one possibility moving forward is the procedure under WIS. STAT. § 822.26(2). There may be other appropriate ways of proceeding, including revisiting WIS. STAT. § 822.23, which the briefing on appeal does not address in the context of a remand.
Conclusion
¶22 For the reasons stated, I reverse the order of the circuit court to the extent that the order affirmatively found that, under WIS. STAT. § 822.23, the court has jurisdiction to modify the Minnesota custody order. I remand for further proceedings.
By the Court. -Order reversed and causes remanded for further proceedings.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

These appeals are decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.