COURT OF APPEALS
DECISION
DATED AND FILED

March 1, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2180-CR**

Cir. Ct. No. **2016CF107**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JUSTIN W. GRIFFIS,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Affirmed.*

Before Donald, P.J., Dugan and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Justin W. Griffis, *pro se*, appeals the judgment convicting him of first-degree sexual assault of a child. Griffis also appeals the

order denying his postconviction motion.  We reject Griffis's appellate challenges and affirm.

## I. BACKGROUND

¶2    In 2016, a jury found Griffis guilty of one count of first-degree sexual assault of a child.  The conviction was based on his half-sister's delayed report of a 2001 assault.  At that time, Griffis was nineteen and the victim was six or seven years old.

¶3    The victim testified at trial that shortly after the assault, Griffis got into an argument with their father and stopped having contact with the family.[1] However, after the victim graduated high school, Griffis contacted her and the two met at a restaurant.  In 2014, a couple of years after the restaurant meeting, the victim testified that Griffis began sending her text messages soliciting sex.  In one of the messages, Griffis referenced that the victim "use[d] to want to play doctor." The victim testified that this message prompted her to remember the 2001 assault.

¶4    The victim stated that she deleted all but one string of text messages, "especially the one where [Griffis] sent me a picture of his penis because I didn't want them in my phone."  She eventually showed the one text string she saved to an officer when she reported the 2001 assault.  That string of text messages was admitted as evidence during the trial.  The victim testified that she delayed reporting the 2001 assault to the police until 2016 when Griffis began re-establishing a relationship with the family.

---

[1] Griffis and the victim have the same father.

¶5    Postconviction, Griffis argued that he received ineffective assistance of counsel.  The circuit court held a ***Machner*** hearing and rejected Griffis's claims.[2]

¶6    Griffis's appointed counsel subsequently filed a no-merit appeal, which this court rejected after concluding that a sentence credit issue had arguable merit.  On remand, the circuit court allowed Griffis's appointed counsel to withdraw based on Griffis's desire to proceed *pro se*.

¶7    Griffis filed a supplemental postconviction motion arguing that he was entitled to additional sentence credit and asserting that trial counsel was ineffective.  The circuit court awarded Griffis the two additional days of sentence credit he sought, but denied the remainder of Griffis's supplemental motion.  This appeal follows.

## II. ANALYSIS

¶8    We begin by reviewing what Griffis describes as "[t]he two main issues at hand[.]"  Griffis argues that trial counsel was ineffective because the text messages should not have been admitted as evidence or, at the very least, a cautionary instruction should have been utilized.  He additionally argues that trial counsel was ineffective for not calling his mother, Nancy Griffis, as a witness at trial.[3]

---

[2]  *See **State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[3]  We will generally refer to Nancy by her first name to avoid confusion.

3

¶9      The test for ineffective assistance of counsel has two prongs: (1) a demonstration that counsel's performance was deficient and (2) a demonstration that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a defendant must show specific acts or omissions of counsel that were "outside the wide range of professionally competent assistance." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To satisfy the prejudice prong, the defendant must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

¶10     Whether counsel's actions were deficient or prejudicial is a mixed question of law and fact. *Id.* at 698. The circuit court's findings of fact will not be reversed unless they are clearly erroneous. *State v. Pitsch*, 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985). However, whether counsel's conduct violated the defendant's right to effective assistance of counsel is a legal determination, which this court reviews *de novo*. *Id.* We need not address both prongs of the test if the defendant fails to make a sufficient showing on either one. *Strickland*, 466 U.S. at 697.

### A. *Trial counsel had a strategic reason for not objecting to the admission of Griffis's text messages.*

¶11    Griffis argues that trial counsel was ineffective for not challenging the admissibility of text messages attributed to him.[4]  He denies sending the text messages that were used as evidence and faults trial counsel for not objecting or otherwise seeking to limit the effect of the messages.

¶12    At the *Machner* hearing, trial counsel testified that he believed the text messages were admissible and that strategically, he could use them "to show a motive [for the victim] to make a claim of sexual assault against Mr. Griffis." Trial counsel explained that the theory of defense going into trial was that the victim "made it up.  She was offended by the statements … that Mr. Griffis made in the texts and other contacts he had with her in efforts to reunite with the family and was making it up or was mistaken about it."  The circuit court found that trial counsel provided his reasons for not objecting to the text messages and that the messages did not amount to inadmissible other acts evidence but rather were "part and parcel of everything that was going on here."

¶13    We give great deference to trial counsel's decisions in choosing a trial strategy.  *See State v. Balliette*, 2011 WI 79, ¶26, 336 Wis. 2d 358, 805 N.W.2d 334.  We will sustain counsel's strategic decisions as long as they were reasonable under the circumstances.  *Id.*  Here, trial counsel's strategy was to argue that the victim made up the 2001 assault because she was upset about

---

[4] In his briefing, Griffis, at times, asserts that the circuit court erred in admitting the text message evidence.  Because there was no objection to the admission of the text messages at trial, we review this claim within the rubric of ineffective assistance of counsel.  *See State v. Delgado*, 2002 WI App 38, ¶12, 250 Wis. 2d 689, 641 N.W.2d 490 (holding that under the forfeiture rule, a specific, contemporaneous objection is required to preserve a claim of error for appeal).

Griffis's text messages in 2014 asking her to have sex with him. Trial counsel's strategy was not objectively unreasonable; accordingly, we conclude that trial counsel did not perform deficiently by allowing the text messages to be admitted as evidence.[5] *See State v. Oswald*, 2000 WI App 2, ¶63, 232 Wis. 2d 62, 606 N.W.2d 207 (1999) (to prevail on establishing deficient performance, defendant must show that acts or omissions of trial counsel were objectively unreasonable).

### B. *Trial counsel did not perform deficiently by not calling Griffis's mother as a witness at trial.*

¶14    Next, Griffis contends that his trial counsel was ineffective for not calling his mother, Nancy Griffis, as a witness. Griffis contends that Nancy was the only witness who could show a timeline establishing that he was not present at the household in question at the time of the assault, and yet, trial counsel never interviewed her. He faults trial counsel for deciding that the jury would not believe Nancy.

¶15    At the *Machner* hearing, Nancy testified that trial counsel ultimately decided not to call her as a witness because "he was afraid the prosecutor was going to trip me up on questions." Trial counsel testified that he was prepared to call Nancy to testify, but ultimately decided not to because the victim's testimony "was all over the board and inconsistent enough that [he] thought [he] could ride

---

[5] Griffis raises a slew of other issues related to the text messages. Namely, he questions whether the text messages constituted impermissible other acts evidence, whether the chain of custody was broken, whether the text messages were properly authenticated, whether the text messages should have been allowed without the digital files, and whether the jury was properly instructed regarding the text messages. In light of our determination that trial counsel had a strategic reason for allowing the text messages to be admitted, we will not address whether he should have objected to their admission on the other bases Griffis lists. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (explaining that we need not address all issues raised by the parties if one is dispositive).

that and win[.]" Trial counsel additionally explained that some of Nancy's anticipated testimony was inconsistent with Griffis's statements to law enforcement, and trial counsel had concerns that the jury would not find Nancy credible, but would instead view her as "an enabler."

¶16 During the hearing, the circuit court noted that it "recall[ed] this case very clearly and I recall [trial counsel] going back and forth as to whether [Nancy] was going to testify or not and eventually a decision was made." The court found that trial counsel was prepared to call Nancy as a witness, but after a "whole lot of thought" chose not to call her. We conclude that trial counsel's strategic decision not to call Nancy as a witness because her testimony might have been detrimental to Griffis's defense was not objectively unreasonable. *See Oswald*, 232 Wis. 2d 62, ¶63.

### C. *Griffis's other claims about trial counsel's alleged deficiencies are undeveloped.*

¶17 Griffis additionally argues that trial counsel was ineffective for a number of other reasons. Namely, he asserts trial counsel was ineffective "for not recognizing and fighting the illegality of the arrest and the statement made there[]in."[6] He also asserts that trial counsel failed to object to testimony about a picture of his penis, failed to object to the admissibility of photographs of the

---

[6] The heading of Griffis's argument reads: "Was the arrest without a warrant a legal arrest?" However, in the opening sentence that follows, Griffis focuses on whether he received ineffective assistance of counsel for not challenging the arrest and his statement. To the extent Griffis intended to generally challenge probable cause, the legality of his arrest, or the timeliness of his initial appearance, those issues were not preserved below. Therefore, we do not consider them further. *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ("It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal.").

victim at age seven, and failed to object to the reading of portions of a letter that the victim wrote to her mother. Beyond highlighting these perceived deficiencies, Griffis does not otherwise develop an argument explaining how they constituted ineffective assistance. Consequently, this court will not consider these claims further. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (explaining that we need not address undeveloped arguments).

### D. *Griffis's remaining claims also fail.*

¶18    In what amounts to a one-paragraph argument, Griffis also challenges the sufficiency of the evidence to support his conviction. He argues that beyond the text messages, there was no corroborating evidence or further statements from additional witnesses.

¶19    The State had to prove beyond a reasonable doubt that Griffis had sexual contact with the victim and that the victim was under the age of thirteen at the time of the alleged sexual contact. *See* WIS JI—CRIMINAL 2102E. The victim testified at trial that during the summer of 2001, when she was six turning seven years old, Griffis tried to put his penis in her vagina. Neither were wearing pants or underwear at the time, and the victim said Griffis "kept trying to push [his penis] in, but I kept saying it was hurting me[.]" The victim testified that when she got up to go to the bathroom, "that's when it stopped." The State additionally presented text messages the victim said Griffis sent to her referencing that she "used to want to play doctor" with him and portions of a letter the victim wrote to her mother, stating that Griffis had molested her when she was a child. The investigating detective testified that he asked Griffis if he "maybe" touched the victim when she was naked when they were younger, and Griffis said he might have.

¶20　We will not substitute our judgment for the trier of fact "unless the evidence, viewed most favorably to the State and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). We will uphold the verdict if any reasonable inferences support it. *State v. Steffes*, 2013 WI 53, ¶23, 347 Wis. 2d 683, 832 N.W.2d 101. The trier of fact is also the sole arbiter of credibility and the weight of the evidence. *Poellinger*, 153 Wis. 2d at 506. In the present case, the evidence was more than ample for the jury to find beyond a reasonable doubt that Griffis sexually assaulted the victim.

¶21　Lastly, Griffis argues that the circuit court was biased against him based on a comment made during the *Machner* hearing that Nancy appeared to be "driving the bus" during Griffis's trial. In his reply brief, Griffis additionally speculates that during trial, the court influenced trial counsel's decision not to call Nancy. Griffis does not develop an argument as to how this constitutes objective or subjective bias, and we will not do so for him. *See State v. Gudgeon*, 2006 WI App 143, ¶20, 295 Wis. 2d 189, 720 N.W.2d 114 (explaining that there are two types of judicial bias claims: subjective and objective); *see also Pettit*, 171 Wis. 2d at 646-47. Like the ones before it, this argument fails.[7]

---

[7] To the extent that we have not addressed a specific contention in Griffis's briefs, we have determined it was not sufficiently developed to warrant an individualized response and the argument is rejected. *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (noting that we need not discuss arguments that lack "sufficient merit to warrant individual attention").

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).