STATE of Wisconsin, Plaintiff-Respondent,

v.

Carlos R. DELGADO, Defendant-Appellant.†

Court of Appeals

*No. 01–0347–CR. Oral argument December 13, 2001.—Decided January 15, 2002.*

## 2002 WI App 38

(Also reported in 641 N.W.2d 490.)

† Petition to review denied 5-21-02.

690

691

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin*, assistant state public defender of Milwaukee. There was oral argument by *Diana M. Felsmann*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sally L. Wellman*, assistant attorney general. There was oral argument by *Sally L. Wellman*.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. WEDEMEYER, P.J.   Carlos R. Delgado appeals from a judgment entered after a jury found him guilty of two counts of first-degree sexual assault of a child, contrary to Wis. Stat. § 948.02(1) (1999–2000).[1] He also appeals from an order denying his postconviction motion. Delgado argues that his conviction should be reversed because an expert witness violated the *Haseltine* rule[2] by vouching for the credibility of the victims. He also claims that the State made improper use of the expert's testimony regarding the credibility of the victims during closing argument. Because we resolve each issue in favor of upholding the judgment and order, we affirm.

## I. BACKGROUND

¶ 2.   The sexual assaults at issue here occurred between late 1989 and early 1990. Delgado was charged

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] *State v. Haseltine*, 120 Wis. 2d 92, 352 N.W.2d 673 (Ct. App. 1984).

with six counts of first-degree sexual assault—three counts relating to eight-year-old Grisel D., and three counts relating to seven-year-old Gladys D. The case was originally tried to a jury in January 1993. The jury found Delgado guilty on all counts. However, the conviction was overturned on appeal and remanded for a hearing on juror bias. Following the hearing, the trial court found that there was no juror bias. Delgado appealed again, and the court of appeals affirmed. However, the Wisconsin Supreme Court reversed on the juror bias issue.

¶ 3.   A new trial occurred in September and October 1999. During the trial, the State called expert witness, Teresa Ortiz, a psychotherapist. Delgado entered a continuing objection to her testimony, asserting that Ortiz should be precluded from opining about the victims' behavior in relation to other sexual assault child victims. The State argued that expert testimony relating to behavior displayed by sexual assault victims was proper, and that Ortiz would not be asked about her opinion as to whether or not she actually believed the victims' statements. The trial court, relying on *State v. Robinson*, 146 Wis. 2d 315, 431 N.W.2d 165 (1988) and *State v. Jensen*, 147 Wis. 2d 240, 432 N.W.2d 913 (1988), ruled that Ortiz would be permitted to testify with regard to common behavioral patterns among the victims here and other similarly situated victims. The court cautioned that Ortiz would not be permitted to testify as to the credibility of the victims, or Ortiz's belief that the victims were telling the truth.

¶ 4.   The jury found Delgado guilty on all counts. He filed a postconviction motion alleging the same issues he raises on appeal. His motion was denied. He now appeals.

## II. DISCUSSION

*A. Ortiz's Testimony.*

¶ 5.   The first issue in this case is whether Ortiz's testimony crossed the line and violated the *Haseltine* rule. This court is divided as to whether or not the *Haseltine* line was crossed. However, this court agrees that Delgado's failure to object at the specific times he believes the *Haseltine* rule was violated constitutes a waiver of his right to raise this issue on appeal.

¶ 6.   Before we address waiver, we review the principles of law governing this area. In *Haseltine*, this court concluded that expert testimony as to whether or not another witness was telling the truth improperly abdicated the fact-finding role of the jury. *Id.*, 120 Wis. 2d at 96. Since the *Haseltine* decision, other cases have clarified exactly what an expert may and may not do when called on to assist the jury in understanding the evidence or an issue of consequence. *See also* WIS. STAT. § 907.02.

¶ 7.   In *Robinson*, our supreme court determined that an expert witness may testify as to his or her personal observations of the victim and other sexual assault victims. *Id.*, 146 Wis. 2d at 333. In *Jensen*, our supreme court went a step further and offered additional guidance in determining whether an expert's opinion testimony in child sexual assault cases was properly admitted. The supreme court held that an expert witness's opinion testimony that the victim's behavior was consistent with that of children who were victims of sexual abuse could be admitted, *id.*, 147 Wis. 2d at 249–50, as long as "the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 257. It further provided that "a complainant's behavior after an assault may be admit-

694

ted as circumstantial evidence that an assault occurred." *Id.* The supreme court clarified that a prosecutor is free to use post-assault behavior "as an evidentiary link in the prosecutor's case." *Id.* at 258. The facts in *Jensen* supported the admission of the opinion testimony: (1) because the expert's testimony was offered to explain the context in which the victim reported the assault; and (2) because the testimony was relevant to rebut the defense's theory that the victim fabricated the sexual assault charges. *Id.* at 250.

¶ 8. After reviewing these cases, we can discern some general rules: (1) an expert witness can offer opinion testimony only if it complies with Wis. Stat. § 907.02; (2) the testimony can include opinions regarding symptomatology common to child sexual assault victims; (3) the testimony can include a description of the symptoms exhibited by the victims; and (4) the testimony can include the expert's opinion as to whether or not the victims' behavior is consistent with behavior of sexual assault victims. Our supreme court has concluded that such testimony is not tantamount to vouching for the credibility of the victims and does not establish that an assault actually occurred.

¶ 9. We can also conclude from this case law assessment what an expert witness may not do: (1) he or she may not testify that the victim is "being totally truthful," *State v. Romero*, 147 Wis. 2d 264, 277, 432 N.W.2d 899 (1988) (citation omitted); (2) he or she may not testify that there is "no doubt whatsoever" that the accuser was a victim of moral turpitude, *Haseltine*, 120 Wis. 2d at 96 (citation omitted); and (3) if he or she is hired to determine whether or not an assault has occurred, the testimony may be limited.

¶ 10.  On appeal, Delgado does not assert that the trial court erred in permitting Ortiz to testify or that the trial court erred in rejecting the request to totally exclude all of Ortiz's testimony. Rather, Delgado concedes that the majority of Ortiz's testimony was unobjectionable. He complains specifically about the following passages:

[MS. ORTIZ:]

A    As I mentioned before, they had not shared any of that information, any of those details with. . . . They were not going to do that. . . . So they had taken on a lot of the burden onto themselves. And from the report that I had from the girls, it was because they observed [another person] being physically abused and emotionally abused, and they didn't want to add to that.

. . . .

A    I think they felt fairly comfortable with me. . . . And they were willing to talk. . . . I told them that I needed to know what was happening and why they were there. . . . I think [the older girl] really took on a burden of . . . taking care of [the younger girl]. . . .

. . . .

Q    And again was that [opening up] kind of a gradual process?

A    It was a gradual process. And you have to remember that when children are — or adults have been sexually abused, it is such a horrifying thing that there is a part of them that is in denial. So, and this was a . . . secret. *[Both girls] knew that this was happening* at some level, but

> they had never really shared the details with one another, *and so this . . . secret was shared in my office.* It took time . . . it didn't happen all at once. . . . It wasn't in fact until about a year and 3 months later that [the younger girl] finally shared a big piece of information with me.

> . . . .

> A    [The younger girl] is the one who really shared quite a bit. And I really stayed away from pushing the girls giving me information. One of the reasons was because the girls were preparing to give testimony and there were several dates that were given for the girls to give testimony. And they prepared psychologically and then they would be disappointed because they couldn't because it was postponed. So it was like they were preparing to open up and then they would have to close and open up and close and open up and close. . . . [W]e weren't *only dealing with the trauma of the sexual abuse, of the reported sexual abuse,* but we were dealing with the trauma of the postponements.

(Emphasis added.) No objections were made by defense counsel during these allegedly objectionable statements. At oral argument before this court, defense counsel contended that no objections were required because of the continuing objection entered to Ortiz's entire testimony. We disagree.

¶ 11.   Under the facts and circumstances of this case, it was incumbent upon defense counsel to police Ortiz's testimony. This area of the law—what a therapist can and cannot testify to—is complicated. As a result, we hold that when an expert witness is permitted to testify in a sexual assault case as to common

characteristics of sexual assault victims, and to the consistency of those characteristics with those of the victims in the case at trial, and when the expert presents extensive testimony on those and related subjects, a standing objection is insufficient to preserve challenges to *Haseltine* violations.

¶ 12.   We have long held that a specific, contemporaneous objection is required to preserve error. *State v. Conley*, 141 Wis. 2d 384, 403, 416 N.W.2d 69 (Ct. App. 1987). It is not the duty of the trial court to *sua sponte* strike testimony that is inadmissible. *State v. Mayer*, 220 Wis. 2d 419, 429–30, 583 N.W.2d 430 (Ct. App. 1998).

¶ 13.   Here, when ruling on Delgado's motion to preclude Ortiz's testimony, the trial court specifically found that the law permitted Ortiz to testify with regard to common behavioral patterns exhibited by sexual assault victims in general, and whether the victims here exhibited behavioral patterns consistent with those of sexual assault victims. The trial court ruled that Ortiz would not be permitted to testify as to the credibility of the victims, or Ortiz's belief that the victims were telling the truth. The trial court's ruling put Delgado's counsel on notice as to the specific areas that constitute objectionable testimony. The standing objection preserved the issue of whether Ortiz should be permitted to testify at all and whether her testimony would be helpful to the jury.[3] Defense counsel did not

---

[3] Delgado also argued that the waiver argument was baseless under *State v. Tutlewski*, 231 Wis. 2d 379, 384–85, 605 N.W.2d 561 (Ct. App. 1999). *Tutlewski*, however, does not control here, as the defendant's claim in *Tutlewski* was based on

make any specific *Haseltine* objections, which are now raised on appeal. Accordingly, we must conclude that Delgado waived his right to have this issue addressed on appeal.

## B. Closing Argument.

¶ 14. Next, Delgado argues that the prosecutor exploited Ortiz's testimony when presenting closing argument to the jury. Specifically, he complains about the following passages:

> [Ms. Ortiz] said *they are still bearing the burden even today of [the defendant]'s sexual abuse. . . .*
>
> . . . .
>
> She said children don't want to remember things like this. . . .
>
> All of these criteria which you see in children who have been sexually abused testified to by . . . an expert who has been dealing in this field for years and years and years, were exhibited by these children.
>
> And *yet the defense would have us believe that Mrs. Ortiz was just — she is just fooled. She has been hoodwinked by these children,* and that her opinion with respect to their trauma that they have suffered, the diagnosis of post-traumatic stress syndrome that is apparent in these girls from *the trauma they suffered at the hands of [Mr. Delgado] is all just a charade.*
>
> . . . .

the same objection made on appeal as was made in the trial court. *Id.* Delgado focuses his appeal argument on limited portions of Ortiz's testimony that he claims violate *Haseltine.* However, at trial, he argued that Ortiz's testimony should be excluded in total because it would not assist the jury.

> The defense is asking you to return a verdict that says he is the victim, that these girls have been pulling off a charade for 10 years. For 10 years they have visited an expert, an expert who has dealt with thousands of victims, child victims of sexual assault and *somehow these girls have pulled the wool over her eyes.*

(Emphasis added.)

¶ 15.   At oral argument to this court, the State argued that the prosecutor was simply asking the jury to find Ortiz's testimony credible, and was not trying to suggest that Ortiz was vouching for the credibility of the victims. The italicized portions of the prosecutor's closing argument, however, could imply that Ortiz did believe that the girls were telling the truth. Thus, in a backhanded way, the prosecutor's argument does suggest that Ortiz was vouching for the girls' credibility; that Ortiz was telling the jury that the assaults occurred. Nevertheless, we cannot conclude that these isolated comments during closing argument prejudiced Delgado.

¶ 16.   The jury was instructed that it was the "sole judge[] of the credibility of the witnesses and of the weight and credit to be given to their testimony." The jury was instructed that closing arguments of the attorneys, and their conclusions and opinions were not evidence. The jury was given a special instruction addressing Ortiz's testimony specifically:

> [T]he law is that [Ortiz] can only testify as to her observations based on consistency between people who may have been sexual assault victims. She cannot testify as a matter of law that these particular people were in fact sexual assault victims. So any intimation as to why she did not so testify is appropriate for her not

to do so, and I ask you to disregard any suggestions, inferences or direct statement regarding her non-opinion as to that matter.

¶ 17.   Juries are presumed to follow the court's instructions. *State v. Smith*, 170 Wis. 2d 701, 719, 490 N.W.2d 40 (Ct. App. 1992). It is also interesting to note that the specific instruction came in response to defense counsel's argument that Ortiz did not testify that the girls were sexually assaulted. During the specific instruction, the jury was told by the trial court that Ortiz did not and could not testify that the girls were sexually assaulted.

¶ 18.   We conclude that the prosecutor's statements made during closing argument were harmless error. *State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985).

*By the Court.*—Judgment and order affirmed.