COURT OF APPEALS
DECISION
DATED AND FILED

March 7, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No. 2021AP2056-CR**

Cir. Ct. No. 2017CF2105

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

CURTIS JAMES RUMSEY,

      DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Curtis James Rumsey, *pro se*, appeals his judgment of conviction for repeated sexual assault of a child, and the order denying his

postconviction motion. Rumsey raises numerous claims of ineffective assistance of trial counsel relating to the testimony of several witnesses, as well as ineffective assistance of appellate counsel. Rumsey also raises a claim of prosecutorial misconduct for alleged improper vouching by the prosecutor during his closing argument, and a claim that the trial court erred by omitting an element of the crime from the jury instructions. Upon review, we conclude that all of Rumsey's claims fail. We therefore affirm.

## BACKGROUND

¶2      Rumsey was charged in May 2017 after it was reported that he had been sexually abusing M.R., who was ten years old at the time, since she was six years old. The mother of the victim, M.C., told an officer from the Milwaukee Police Department that M.R. had written her a note regarding the abuse. A forensic interview of M.R. was conducted in April 2017 at the Child Advocacy Center at Children's Hospital, where M.R. provided graphic details of the abuse, which included touching and penetration.

¶3      Rumsey was charged with repeated sexual assault of a child (three or more violations). The matter proceeded to trial in February 2018. M.R. testified, and her forensic interview was also admitted into evidence. Additional witnesses for the State included M.R.'s mother, M.C.; Lynn Cook, a trauma counselor and social worker at the Child Advocacy Center who conducted M.R.'s forensic interview; Sara Haberlein, a pediatric nurse practitioner at Children's Hospital who performed a physical exam of M.R.; and Heather Crisp, M.R.'s aunt, who testified that she had a detailed conversation with M.R. about being sexually abused by Rumsey.

¶4 The jury convicted Rumsey. The trial court imposed a sentence of forty-two years of imprisonment, bifurcated as thirty years of initial confinement to be followed by twelve years of extended supervision.

¶5 Appellate counsel for Rumsey initially filed a no-merit appeal. However, after being ordered by this court to supplement the no-merit report, counsel proceeded to file a postconviction motion with the trial court, arguing that the procedures for admitting M.R.'s forensic interview video were not properly followed by the trial court, and that trial counsel was ineffective for failing to object to those errors. The trial court rejected Rumsey's arguments and denied the motion.

¶6 Rumsey then decided he wanted to continue his appeal *pro se*, and requested that his appellate counsel withdraw. This court ordered that appellate counsel be discharged, and allowed Rumsey to voluntarily dismiss his direct appeal and file a new postconviction motion with the trial court.

¶7 Rumsey then filed a *pro se* postconviction motion with the trial court, alleging ineffective assistance by his appellate counsel. The trial court rejected that claim since Rumsey had discharged his appellate counsel.

¶8 Also in that motion, Rumsey raised a claim of ineffective assistance of his trial counsel, citing cumulative errors by counsel relating to counsel's failure to object to certain witness testimony which resulted in prejudice to his defense. Additionally, Rumsey raised a claim of prosecutorial misconduct for statements made during closing arguments, and a claim that the trial court erred by omitting the "sexual gratification" element of the crime in the jury instructions. The trial court rejected all of Rumsey's claims and denied his motion without a hearing. This appeal follows.

## DISCUSSION

¶9      On appeal, Rumsey maintains his claims of ineffective assistance by both trial and appellate counsel, as well as his claims of prosecutorial misconduct and trial court error relating to the jury instructions. However, with regard to the latter two arguments, because there were no objections made at the time of trial, we review them under the ineffective assistance rubric as well.[1]  *See* ***State v. Carprue***, 2004 WI 111, ¶47, 274 Wis. 2d 656, 683 N.W.2d 31.

¶10     To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his lawyer performed deficiently and that deficient performance prejudiced his defense. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). A court may reject a claim of ineffective assistance of counsel on either ground. ***Id.*** at 697. Whether counsel's performance was deficient and whether the defendant was prejudiced are questions of law that we review *de novo*. ***State v. Roberson***, 2006 WI 80, ¶24, 292 Wis. 2d 280, 717 N.W.2d 111. Furthermore, to prove that appellate counsel was ineffective for failing to raise claims relating to the effectiveness of trial counsel, the defendant must prove that trial counsel did indeed provide ineffective assistance. ***State v. Ziebart***, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

---

[1] In his reply brief, Rumsey asserts that this court may review his claims not preserved by an objection for plain error under WIS. STAT. § 901.03(4), or reverse his conviction pursuant to our discretionary reversal power under WIS. STAT. § 752.35. However, based on our conclusion that all of Rumsey's claims fail, we decline those requests.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶11 To demonstrate deficient performance, the defendant must show that trial counsel's representation fell below objective standards of reasonableness. *See State v. McDougle*, 2013 WI App 43, ¶13, 347 Wis. 2d 302, 830 N.W.2d 243. To demonstrate prejudice, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, a defendant "cannot meet this burden by simply showing that an error had some conceivable effect on the outcome." *State v. Koller*, 2001 WI App 253, ¶9, 248 Wis. 2d 259, 635 N.W.2d 838. Rather, establishing prejudice "means showing that counsel's alleged errors actually had some adverse effect on the defense." *Id.*

¶12 Rumsey argues that the alleged errors committed by his trial counsel had a cumulative effect to prejudice his defense. When considering such an argument, appellate courts "may aggregate the effects of multiple incidents of deficient performance in determining whether the overall impact of the deficiencies satisfied the standard for a new trial under *Strickland*." *State v. Thiel*, 2003 WI 111, ¶60, 264 Wis. 2d 571, 665 N.W.2d 305. However, a defendant "may not simply present a laundry list of mistakes by counsel and expect to be awarded a new trial." *Id.*, ¶61. In fact, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citation omitted). Furthermore, even if there were errors committed by counsel, most errors "will not have a cumulative impact sufficient to undermine confidence in the outcome of the trial[.]" *Id.*

*Challenges to M.R.'s Testimony*

¶13 Rumsey's first argument is that the prosecutor improperly asked M.R. leading questions during her testimony regarding details of the abuse by Rumsey,

and that his trial counsel was ineffective for failing to object. "There are occasions when leading questions may be not only necessary, but desirable," and it has been "historically recognized" that the direct examination of a child witness is such an occasion. *State v. Barnes*, 203 Wis. 2d 132, 138-39, 552 N.W.2d 857 (Ct. App. 1996). This "more liberal standard" for the admission of evidence is particularly appropriate in child sexual assault cases. *State v. Davidson*, 2000 WI 91, ¶42, 236 Wis. 2d 537, 613 N.W.2d 606. Based on this accepted standard, Rumsey's trial counsel was not deficient for failing to object to these questions. *See State v. Allen*, 2017 WI 7, ¶46, 373 Wis. 2d 98, 890 N.W.2d 245 ("It is well-established that trial counsel could not have been ineffective for failing to make meritless arguments.")

¶14    Furthermore, the questions Rumsey takes issue with related to details of the abuse that M.R. had provided during her forensic interview, which was admitted into evidence and played for the jury. Rumsey fails to demonstrate how these questions prejudiced him when the jury saw M.R.'s entire interview. *See Koller*, 248 Wis. 2d 259, ¶9.

¶15    Rumsey also asserts his trial counsel should have objected to another question posed to M.R. by the prosecutor regarding whether M.R. thought that her mother, M.C., believed her about the abuse. The context for this question was that M.C. had told M.R. to "go on a car ride" with Rumsey after M.R. had disclosed the abuse to M.C. M.R. explained that she was confused because after she told her mother about the abuse, she expected M.C. to "try to kick him out of the house," but instead M.C. had directed M.R. to go for a car ride with him. Rumsey contends that this was an inappropriate question because it called for speculation by M.R. as to her mother's beliefs, and that his trial counsel should have objected to it.

¶16    We disagree. M.R.'s response to this question focused on her feelings about the matter, not her mother's beliefs. In fact, the prosecutor specifically asked M.R., "Did *you think* that your mom believed you?" (Emphasis added.) We therefore conclude that this was not an improper question to which counsel should have objected. *See Allen*, 373 Wis. 2d 98, ¶46. In any event, Rumsey again has not demonstrated how this question was prejudicial to his defense. *See Koller*, 248 Wis. 2d 259, ¶9.

*Challenges to Crisp's Testimony*

¶17    Next, we address Rumsey's challenges to the testimony of Crisp, M.R.'s aunt, who testified that she had a detailed conversation with M.R. about the abuse after being asked by M.C. for assistance in dealing with the situation. Rumsey argues that this testimony was hearsay, and improperly vouched for M.R.'s credibility. "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." WIS. STAT. § 908.01(3). When testimony is challenged as inadmissible hearsay, "[t]he question is not whether the evidence might be inadmissible hearsay if it is offered to prove the truth of the matter asserted; rather, the question is whether the evidence is offered for a legitimate reason other than for the truth of the matter asserted." *State v. Hanson*, 2019 WI 63, ¶25, 387 Wis. 2d 233, 928 N.W.2d 607. The questions posed to Crisp provided the context for Crisp and M.C. reporting the abuse to the police; they were not for purposes of proving M.R.'s allegations against Rumsey. We therefore conclude that Crisp's responses to this line of questioning were not hearsay. *See id.*

¶18    We further conclude that Crisp's testimony did not constitute impermissible vouching, for the same reason. Witnesses are prohibited from

7

"giving an opinion on whether another witness is telling the truth because it invades the jury's role as the sole determiner of credibility." *State v. Miller*, 2012 WI App 68, ¶11, 341 Wis. 2d 737, 816 N.W.2d 331. However, as just discussed, Crisp's testimony regarding her discussion with M.R. had "neither the purpose nor the effect … [of] attest[ing] to [M.R.'s] truthfulness[.]" *See id.*, ¶14 (citation omitted). It was therefore not improper vouching by Crisp. *See id.* As a result, Rumsey's trial counsel was not deficient for not objecting to this testimony. *See Allen*, 373 Wis. 2d 98, ¶46.

*Challenges to Haberlein's Testimony*

¶19 Rumsey next claims that testimony from Haberlein, the nurse practitioner who examined M.R., was hearsay. Specifically, Rumsey objects to Haberlein's testimony that she met with Cook, who conducted M.R.'s forensic interview, prior to examining M.R. Haberlein also stated during that testimony that the information she received from Cook included the fact that Rumsey had "fled to Montana" after the abuse was disclosed.

¶20 Rumsey's trial counsel made a general objection to this line of questioning, which was overruled by the trial court. Indeed, most of Haberlein's testimony fell under the hearsay exception for statements made for the purpose of medical diagnosis. *See* WIS. STAT. § 908.03(4). Her testimony that Rumsey had fled to Montana, however, would not fall under that exception.

¶21 Rumsey argues that Haberlein's statement suggests a "consciousness of guilt" for a defendant who flees, and was thus prejudicial. Yet, even if that particular statement was improper and should have garnered an objection by his trial counsel, Rumsey fails to demonstrate that it affected the outcome of the case given

the other evidence presented. *See Strickland*, 466 U.S. at 687. Therefore, Rumsey has not established that he suffered prejudice from any error in this regard. *See id.*

*Challenges to Expert Testimony*

¶22 Rumsey also raises claims of improper vouching with regard to the expert testimony provided by both Haberlein and Cook. For Haberlein, he takes issue with her statement that a lack of findings during M.R.'s physical exam "does not take away from [M.R.'s] disclosure at all." However, this statement was simply a follow up to Haberlein's earlier testimony that it is "very common not to have findings on sexual abuse evaluations." Similar to Crisp's testimony that Rumsey claimed was improper vouching, Haberlein's statements simply provided context for the findings in her report; they were not made for the purpose of attesting to the truthfulness of M.R.'s testimony. *See Miller*, 341 Wis. 2d 737, ¶14. Therefore, Rumsey's trial counsel was not deficient for not objecting to this testimony. *See Allen*, 373 Wis. 2d 98, ¶46.

¶23 The same analysis applies to the portions of Cook's testimony challenged by Rumsey. First, Rumsey takes issue with a statement Cook made while she was providing a general explanation of the demeanor of children she interviews regarding abuse. Specifically, Cook observed that a lack of emotion by a child during the interview is often because "by the time they get to me, they've been processing the abuse for a long time … [s]o it's not, like, surprising or shocking to them because they already knew it was happening."

¶24 Rumsey argues that this comment was improper because it infers that Cook believed M.R.'s allegations. We disagree. One of the "general rules" relating to expert testimony in child sexual assault cases is that the testimony "can include opinions regarding symptomatology common to child sexual assault victims[.]"

*State v. Delgado*, 2002 WI App 38, ¶8, 250 Wis. 2d 689, 641 N.W.2d 490. This statement by Cook was just such an opinion, and was therefore admissible. *See id.* As a result, Rumsey's trial counsel was not deficient for not objecting. *See Allen*, 373 Wis. 2d 98, ¶46.

¶25 Rumsey also points to a statement Cook made during cross-examination regarding whether Cook had questioned M.R. about viewing pornography; M.R. had previously disclosed that Rumsey had shown her pornography on his computer. Rumsey's trial counsel asked Cook whether she had asked M.R. if she had viewed pornography outside the presence of Rumsey. Cook responded that she had not, because viewing pornography was not directly related to the abuse allegations Cook was exploring with M.R. during the forensic interview. After a follow-up question by counsel that viewing pornography is related to observing sex acts, Cook responded, "I already knew that she was observing sex acts because [Rumsey] was showing them to her."

¶26 Rumsey argues that this statement was improper because it inappropriately bolstered M.R.'s credibility. This argument fails for the same reason his similar improper vouching arguments relating to Crisp's and Haberlein's testimony fail, as discussed above—Cook's statement was not made for the purpose of attesting to M.R.'s credibility, nor did it have that effect; rather, Cook's statement was simply made in response to counsel's line of questioning relating to M.R.'s viewing of pornography. *See Miller*, 341 Wis. 2d 737, ¶14. Therefore, Rumsey's trial counsel was not deficient for not objecting to this testimony. *See Allen*, 373 Wis. 2d 98, ¶46. And further, Rumsey again has not demonstrated how this statement regarding pornography was prejudicial, given the other evidence in the case regarding the abuse suffered by M.R. *See Strickland*, 466 U.S. at 687.

*Claim of Improper Vouching by Prosecutor in Closing Argument*

¶27 Rumsey next asserts that the prosecutor improperly vouched for witnesses in his closing argument. As we noted above, we address this claim under the ineffective assistance rubric since no contemporaneous objection was made at trial. *See Carprue*, 274 Wis. 2d 656, ¶47.

¶28 Rumsey's argument on this issue relates to comments made by the prosecutor regarding M.C.'s testimony that she "wasn't sure if she believed [M.R.] at first" about the abuse. The prosecutor said, "I submit to you that [M.C.] was honest. She certainly wasn't proud, but she was honest." He then stated, "[M.R.]'s not making it up. Why would she? Why would she make that up?"

¶29 Lawyers are allowed "[s]ubstantial latitude" in closing arguments. *State v. Draize*, 88 Wis. 2d 445, 456, 276 N.W.2d 784 (1979). "A prosecutor may comment on the evidence, detail the evidence, argue from it to a conclusion, and state that the evidence convinces him or her and should convince the jurors." *State v. Adams*, 221 Wis. 2d 1, 19, 584 N.W.2d 695 (Ct. App. 1998). Furthermore, "a prosecutor is permitted to comment on the credibility of witnesses as long as that comment is based on evidence presented." *Id.* at 17.

¶30 In the context of the argument being made by the prosecutor at that time, the challenged statements were essentially a reflection of M.C.'s thought process after being told by M.R. that she was being sexually abused, along with a comment on M.R.'s credibility. In other words, the prosecutor's comments were based on the evidence, and we conclude that they were not improper. *See id.* at 17, 19.

¶31 Furthermore, the jury was instructed that the closing arguments by the attorneys should be considered, but that "their arguments and conclusions and opinions are not evidence." Additionally, the jury was instructed that "[t]he remarks of the attorneys are not evidence. If the remarks suggest certain facts not in evidence, disregard that suggestion." "Jurors are presumed to have followed jury instructions." *State v. LaCount*, 2008 WI 59, ¶23, 310 Wis. 2d 85, 750 N.W.2d 780.

¶32 For these reasons, Rumsey's trial counsel cannot be deemed to have been deficient for not objecting to the comments of the prosecutor during his closing. *See Allen*, 373 Wis. 2d 98, ¶46.

*Claim of Jury Instruction Error*

¶33 Finally, we reach Rumsey's last claim that the trial court committed an error in its jury instruction relating to the elements of the crime. We address this claim under the ineffective assistance rubric as well, since no contemporaneous objection was made at trial. *See Carprue*, 274 Wis. 2d 656, ¶47.

¶34 Rumsey asserts that in instructing the jury on the elements of the crime, it failed to include the "sexual gratification" element. Rumsey is wrong. The record clearly indicates that the trial court instructed the jury that the State had to prove that Rumsey had sexual contact with M.R., and that a finding of sexual contact "requires the defendant acted with intent to become sexually aroused or gratified." The trial court also informed the jury of the other elements of the crime. In short, the trial court made no error in instructing the jury on the elements of the crime, and therefore any objection by trial counsel would have been without merit. *See Allen*, 373 Wis. 2d 98, ¶46.

## CONCLUSION

¶35 In sum, all of Rumsey's claims of ineffective assistance of trial counsel fail, and therefore his claim of ineffective assistance of appellate counsel also necessarily fails. *See Ziebart*, 268 Wis. 2d 468, ¶15. We further reject Rumsey's contention that the deficiencies he alleges resulted in cumulative prejudice, since we conclude that the majority of the errors alleged were not actually deficiencies. *See Thiel*, 264 Wis. 2d 571, ¶61 (stating that an alleged error "must be deficient in law—that is, each act or omission must fall below an objective standard of reasonableness—in order to be included in the calculus for prejudice"). As for the instance where Rumsey's trial counsel perhaps should have objected— when Haberlein mentioned that Rumsey had fled to Montana after the abuse allegations were made—we conclude that Rumsey has failed to establish that he was prejudiced by any possible error because it does not call into question the reliability of the outcome of these proceedings. *See Strickland,* 466 U.S. at 687; *see also Thiel*, 264 Wis. 2d 571, ¶61.

¶36 Therefore, the trial court properly denied Rumsey's postconviction motion. Accordingly, we affirm his judgment of conviction and the order denying his postconviction motion.

*By the Court.*—Judgement and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

13