COURT OF APPEALS
DECISION
DATED AND FILED

January 9, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1517-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2010CF363

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

WALTER J. LANGE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Chippewa County: JAMES M. ISAACSON, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Walter Lange appeals an order denying his petition for conditional release from his WIS. STAT. § 971.17 (2021-22)[1] commitment. Lange argues that the hearing on his petition was procedurally defective for two reasons.  First, Lange was absent, and there was no colloquy with the court to waive his right to be present; second, there was no testimony or other evidence offered, save for the two examiners' reports being summarily "received" by the court.  He also contends that the evidence presented at the hearing was insufficient to show that he would pose a significant risk of bodily harm to himself or to others, or of serious property damage, if he were conditionally released.  For the reasons outlined below, we reject Lange's arguments and affirm.

## BACKGROUND

¶2    In May 2012, Lange pled no contest, but not guilty by reason of mental disease or defect ("NGI"), to one count of sexual assault of a child under sixteen years of age.  The circuit court committed Lange to institutional care for twenty years.  Since his 2012 commitment, Lange has been conditionally released on three occasions, with his release being revoked each time.

¶3    After his third revocation in April 2019, Lange filed another petition for conditional release in November 2019.  The circuit court appointed an examiner who filed a report in December 2019 recommending against Lange's conditional release.  In January 2020, Lange's attorney wrote a letter to the court stating that Lange had decided to withdraw his petition and that the court could remove the scheduled evidentiary hearing from its calendar.  The State responded

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

and expressed its concern that Lange was using the withdrawal of his petition "as a tactic to circumvent the statute dealing with how soon a defendant can file another petition for conditional release" after the previous one is denied. *See* WIS. STAT. § 971.17(4)(a).[2]

¶4      In February 2020, the circuit court intended to hold an evidentiary hearing on Lange's petition. The examiner had been subpoenaed by the State to testify, but Lange refused to appear. Lange's attorney objected both to proceeding with the hearing and to addressing the petition on the merits because Lange had withdrawn his petition. The State again expressed its concern that Lange was attempting to circumvent the statutory time limits set forth in WIS. STAT. § 971.17(4)(a) by withdrawing his petition instead of allowing the court to deny the petition on the merits.

¶5      The circuit court noted that Lange waited until the examiner's report was filed, saw that the examiner did not recommend conditional release, and only then withdrew his petition. The court further stated: "All the work has been done except the [c]ourt's declaration of the petition being denied." The court then denied Lange's petition based on the examiner's report and without any testimony, despite Lange's attorney objecting on the basis that the court did not hold an evidentiary hearing on the merits of the petition.

¶6      In July 2020, Lange filed another petition for conditional release, which is the petition at issue in this appeal. The circuit court appointed Dr. James Freiburger to examine Lange. Freiburger filed his report in August 2020 and

_____

[2] An NGI acquittee may petition for conditional release six months after the last order resulting in institutional care. WIS. STAT. § 971.17(4)(a)

recommended against Lange's conditional release. Lange then requested a second evaluation, which the court granted. In November 2020, Dr. James Black filed his report, which also recommended against conditional release.

¶7    In December 2020, one day before the scheduled evidentiary hearing, Lange's attorney again wrote a letter to the circuit court stating that Lange had decided to withdraw his petition and that the court could remove the evidentiary hearing from its calendar. The court nevertheless held the hearing. On the day of the hearing, Lange filed a waiver of appearance stating that he waived his "right to appear in person at any future hearings."[3] The waiver also stated that Lange understood his right to appear in person, that he understood the hearing would "proceed via audio visual and/or telephonic means," and that he knowingly, intelligently, and voluntarily waived his right to appear in person.

¶8    Lange did not appear at the hearing (by any means), and the circuit court noted his filed waiver on the record. Lange's attorney, however, did appear at the hearing. Doctor Freiburger also appeared at the hearing. In response to Lange's request to withdraw his petition, the State asked the court to treat Lange's request as Lange not contesting the denial of his petition. The State also asked the court to rely on Dr. Freiburger's and Dr. Black's reports and deny Lange's petition based on the reports.

¶9    Lange's attorney objected to proceeding with the hearing on the basis that Lange had "a statutory right to withdraw the petition at any time," but counsel expressly stated he could not point to any statute that indicated Lange had

---

[3] Lange signed the waiver on November 27, 2020.

such a right. He again asked the circuit court to acknowledge that Lange had withdrawn his petition and not to decide anything on the merits. In particular, Lange's attorney asserted that by withdrawing his petition, Lange preserved "his right to re[-]petition the Court … sooner than the additional six[-]month time period" provided in WIS. STAT. § 971.17(4)(a). Although Lange's attorney requested time to provide the court with the statutory basis for his argument, he insisted that the statute allowed Lange to withdraw his petition at any time and that a "hearing should not be held because there is no petition to consider."

¶10 The circuit court noted that, under Lange's argument, Lange could file a petition "every, you know, two weeks. If he gets the reports back in time and he doesn't like them, he could keep withdrawing it and re-filing it. It's a hard time for me believing that that is what the legislature intended to allow happen." The court then stated it would receive the reports from Dr. Freiburger and Dr. Black, and based on those reports, the court determined that Lange did not satisfy the criteria for conditional release. Lange did not object to the court's receipt of, and reliance on, the examiners' reports. The court also allowed Lange's attorney to file a letter providing the court with the law supporting his argument that Lange could withdraw his petition in the manner he did. If filed, the court would treat the letter as a motion to reconsider.

¶11 Lange then filed a follow-up brief, arguing that the circuit court erred by deciding Lange's petition for conditional release on the merits and asserting, for the first time, that the court erred by receiving the examiners' reports. Lange claimed that because WIS. STAT. § 971.17(4) provides the exclusive method for the court to consider a petition for conditional release, the court lost competency to address the petition on the merits once Lange withdrew his petition; no other relevant statutory provision was provided. In a written

decision, the court rejected Lange's arguments and reaffirmed its initial decision. Lange now appeals. Additional facts will be provided as necessary below.

## DISCUSSION

### I. Procedural requirements and Lange's forfeiture of his claimed rights

¶12 Lange argues that the hearing on his petition for conditional release was procedurally defective because: (1) he was not present at the hearing; and (2) the circuit court admitted the examiners' reports without a formal motion from the State, without authentication, and without the opportunity to cross-examine the examiners. In this case, whether the court erred by failing to follow procedural requirements depends on the interpretation and application of WIS. STAT. § 971.17. "The interpretation and application of a statute is a question of law that we review de novo…." *State v. Arends*, 2010 WI 46, ¶13, 325 Wis. 2d 1, 784 N.W.2d 513.

¶13 "[W]hether a defendant's statements and actions in a criminal proceeding constitute a waiver of the statutory right to be present is a question of law" that we review independently. *State v. Washington*, 2018 WI 3, ¶24, 379 Wis. 2d 58, 905 N.W.2d 380. We review a circuit court's decision to admit evidence for an erroneous exercise of discretion and uphold the decision unless the court applied an improper legal standard or the decision is "not reasonably supported by the facts of record." *State v. Mulhern*, 2022 WI 42, ¶18, 402 Wis. 2d 64, 975 N.W.2d 209 (citation omitted).

¶14 The State argues, among other things, that Lange is not entitled to relief on his claims that there were procedural defects at the hearing in which his petition was denied because he forfeited those procedural rights through his

egregious conduct. When a defendant engages in conduct that is incompatible with the assertion of a right, the defendant may forfeit that right. *See State v. Anthony*, 2015 WI 20, ¶58, 361 Wis. 2d 116, 860 N.W.2d 10. A defendant may forfeit a fundamental right, such as the right to be present at a court proceeding, by engaging in conduct that interferes with the circuit court's ability to protect that right. *See State v. Vaughn*, 2012 WI App 129, ¶26, 344 Wis. 2d 764, 823 N.W.2d 543.

¶15 "[F]orfeiture by conduct is not a novel concept, even where fundamental constitutional rights are concerned." *Anthony*, 361 Wis. 2d 116, ¶64. For example, in *Anthony*, our supreme court held that a defendant "forfeited his right to testify by displaying stubborn and defiant conduct that presented a serious threat to both the fairness and reliability of the criminal trial process as well as the preservation of dignity, order, and decorum in the courtroom." *Id.*, ¶72. Similarly, the defendant in *Vaughn* forfeited his right to be present and his right to testify by refusing to participate in his trial and by refusing to appear in court. *See Vaughn*, 344 Wis. 2d 764, ¶¶21, 26. The defendant's conduct made it impossible for the circuit court to explain the defendant's right to testify and to determine whether the defendant's decision not to testify was knowing, intelligent, and voluntary. *See id.*, ¶26.

¶16 In the same way, a "defendant may forfeit his or her constitutional right to counsel through manipulative or disruptive conduct." *Anthony*, 361 Wis. 2d 116, ¶61 (citing *State v. Cummings*, 199 Wis. 2d 721, 752-56, 546 N.W.2d 406 (1996)). In *Cummings*, the defendant was "continuously and unreasonably dissatisfied" with his court-appointed attorneys, but he refused to voluntarily waive his right to counsel. *Cummings*, 199 Wis. 2d at 750-51. The defendant's constant dissatisfaction with his court-appointed attorneys was based

solely on his desire to delay proceedings. *Id.* at 750. Because the defendant's refusal to cooperate and his constant dissatisfaction with his court-appointed attorneys was manipulative and disruptive conduct based solely on a desire to delay, our supreme court concluded that the defendant forfeited his right to counsel. *Id.* at 753-56.

¶17 Here, we conclude that Lange forfeited his right to avail himself of the procedural rights he now argues the circuit court disregarded at the conditional release hearing. He did so by improperly manipulating the petitioning procedure in WIS. STAT. § 971.17(4), including by refusing to participate in the scheduled evidentiary hearing. This conduct—which was plainly part of an overall scheme to avoid the formal denial of his filed petition so as also to avoid triggering the six-month period before he could file another such petition—materially interfered with the court's ability to protect those procedural rights while also maintaining the court's ability to properly proceed on the filed petition.

¶18 WISCONSIN STAT. § 971.17(4) lays out the procedure a circuit court must follow when it receives a petition for conditional release. "Any person who is committed for institutional care may petition the committing court" for conditional release "if at least 6 months have elapsed since the initial commitment order was entered, the most recent release petition was denied or the most recent order for conditional release was revoked." Sec. 971.17(4)(a). Within twenty days of receiving a petition, the court must appoint one or more examiners to examine the petitioner "and furnish a written report of the examination to the court within 30 days after appointment." Sec. 971.17(4)(c).

¶19 The circuit court must then hold a hearing on the petition within thirty days after the examiner files his or her report with the court, "unless the

8

petitioner waives this time limit." WIS. STAT. § 971.17(4)(d). Hearings on petitions for conditional release are conducted under § 971.17(7). At the hearing, the petitioner has the right to "[p]resent and cross-examine witnesses." Sec. 971.17(7)(b)3. The court must "grant the petition unless it finds by clear and convincing evidence that the person would pose a significant risk of bodily harm to himself or herself or to others or of serious property damage if conditionally released." Sec. 971.17(4)(d). If the court denies the petition for conditional release, the petitioner must wait six months to file a new petition. *See* § 971.17(4)(a).

¶20 Here, while Lange initially followed the procedure in WIS. STAT. § 971.17(4), he stopped doing so once he received the examiners' reports that were unfavorable to him. In particular, Lange filed his petition for conditional release, the circuit court appointed an examiner, and the examiner filed his report with the court. At Lange's request, he then underwent a second examination, and the second examiner filed his report with the court.[4] Once Lange received the examiners' reports that both recommended against his conditional release, he withdrew his petition and asked the court to cancel the required—and already scheduled—evidentiary hearing. Lange plainly did so to avoid receiving a ruling on the merits of his petition, such that he could file another petition for conditional release without having to wait the required six months. In addition to withdrawing his petition and requesting the court to cancel the required evidentiary hearing, Lange also refused to participate in the required evidentiary hearing.

---

[4] A petitioner has the right "to be examined by a physician or a psychologist or other expert of his or her choice." WIS. STAT. § 971.17(7)(c). "Upon motion of an indigent person, the court shall appoint a qualified and available examiner for the person at public expense." *Id.*

¶21     Although Lange now claims that the circuit court disregarded several of his procedural rights at the required evidentiary hearing, the court was plainly prepared to proceed on his petition and allow Lange to exercise those rights. Lange had notice of the hearing and an opportunity to be present at the hearing, as shown by his waiver of his in-person appearance. His attorney was present at the hearing, and Dr. Freiburger was also present and ready to testify regarding his report. Even though the court was ready to proceed, Lange asked the court, through his attorney, not to hold the hearing because there was no petition to consider due to its withdrawal. Lange insisted that he had a right to withdraw his petition and that the court did not need to decide the petition on the merits.[5] Still, Lange had the opportunity to exercise the procedural rights he argues the court disregarded, but he refused to participate in, and proceed with, the hearing in order to avoid a ruling on his petition.

¶22     Notably, this was not Lange's first attempt to withdraw a petition for conditional release in order to avoid a ruling on his petition. As noted, he engaged in the same conduct when he filed his petition for conditional release in November 2019. *See supra* ¶¶3-5. In that instance, the circuit court appointed an examiner; the examiner filed his report with the court; and, when Lange saw that the report recommended against conditional release, he attempted to withdraw the petition before the court held the required evidentiary hearing. As he did here, Lange refused to appear and participate in that hearing. Clearly, then, Lange is improperly manipulating the procedures in WIS. STAT. § 971.17(4) to avoid a

---

[5] To be clear, Lange does not challenge the circuit court's conclusion that Lange's decision to withdraw his petition did not require the court to cancel the evidentiary hearing. He also does not continue to argue that he has a statutory right to withdraw his petition at any time.

ruling on his petitions and thereby avoid the six-month period he must wait to file a new petition.

¶23 Lange's strategy of filing and then withdrawing petitions for conditional release upon receipt of unfavorable examiners' reports, coupled with his refusal to participate in the required evidentiary hearings on those petitions, was egregiously manipulative. And to the extent the circuit court's conducted hearing was flawed, it was predominantly due to Lange's conduct. Lange had an opportunity to be present at the hearing, to cross-examine Dr. Freiburger, and to challenge the admission of the examiners' reports, but he refused to do so, all in order to avoid a ruling on his petition. Lange also could have exercised his procedural rights by preserving his objection based on the withdrawal of his petition and then proceeding with the evidentiary hearing subject to that objection. Again, he refused to do so. Lange cannot choose to follow certain procedures in WIS. STAT. § 971.17(4), refuse to exercise his procedural rights at the required evidentiary hearing under § 971.17(4)(d), and then claim the court disregarded his procedural rights when he clearly had the opportunity to exercise those rights. By engaging in such manipulative conduct, Lange interfered with the court's ability to protect his procedural rights. Lange therefore forfeited his ability to avail himself of his procedural rights through his conduct.

¶24 Because of Lange's forfeiture, his claims of error based on procedural defects fail. Lange also failed to object to the circuit court's receipt of the examiners' reports and to the court's reliance on those reports in denying Lange's petition for conditional release. Because Lange did not object to the examiners' reports and because Lange forfeited his ability to avail himself of his

procedural rights, the court committed no error by proceeding as it did with the evidentiary hearing.[6]

## II. Sufficiency of the evidence

¶25 Lange next argues that the State did not meet its burden to show that Lange was dangerous because neither party presented any evidence at the conditional release hearing. Lange relies on his forfeited procedural claim that the examiners' reports were improperly admitted, and, therefore, the circuit court had no evidence to decide Lange's petition for conditional release. As noted, and critically, Lange did not object to the court's receipt of, and reliance on, the examiners' reports. Lange does not argue that the reports, *if* properly admitted, did not show that he was a danger to himself or others. Because we conclude that Lange forfeited his ability to avail himself of his procedural rights and the court committed no error in moving forward with the hearing at which counsel did not

---

[6] Lange attempts to raise the issue of the circuit court's procedural defects, and his failure to object to them, by arguing that the court committed plain error. The plain error doctrine allows an appellate court to "review error that was otherwise waived by a party's failure to object properly or preserve the error for review as a matter of right." *State v. Mayo*, 2007 WI 78, ¶29, 301 Wis. 2d 642, 734 N.W.2d 115. We do not address Lange's plain-error argument, given that Lange forfeited any claim to a denial of his procedural rights through his conduct.

Additionally, Lange did not raise his plain-error argument in a postdisposition motion in the circuit court. *See* WIS. STAT. § 971.17(7m)(a) ("The person shall file a motion for postdisposition relief in the circuit court before a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised."); *see also* **State v. Klapps**, 2021 WI App 5, ¶20, 395 Wis. 2d 743, 954 N.W.2d 38 (2020) (concluding that § 971.17(7m) "requires a postdisposition motion when an issue has not been previously raised"). While Lange contends that his failure to raise his current arguments in a postdisposition motion is of no moment, insomuch as that is the reason why he is arguing plain error now, we partly disagree. It is precisely because Lange did not raise his plain-error argument in the circuit court *in a postdisposition motion* that the court did not have the opportunity to address the alleged errors at that time. *See* **Klapps**, 395 Wis. 2d 743, ¶27.

object to receipt of the reports, the court properly relied on the examiners' reports in determining whether Lange was dangerous.[7]

¶26　In reviewing the circuit court's decision denying conditional release, we ask whether the court "could reasonably be convinced by evidence it has a right to believe and accept as true." *State v. Randall (Randall III)*, 2011 WI App 102, ¶13, 336 Wis. 2d 399, 802 N.W.2d 194 (citation omitted). We "give deference to the [circuit] court's determination of credibility and evaluation of the evidence and draw on its reasoning and adopt the [circuit] court's reasonable inferences." *Id.*, ¶14.

¶27　The circuit court must grant a petition for conditional release "unless it finds by clear and convincing evidence that the person would pose a significant risk of bodily harm to himself or herself or to others or of serious property damage if conditionally released." WIS. STAT. § 971.17(4)(d). The court may consider the nonexhaustive list of factors found in § 971.17(4)(d). *Id.*; *Randall III*, 336 Wis. 2d 399, ¶16. These factors include:

> [T]he nature and circumstances of the crime, the person's mental history and present mental condition, where the person will live, how the person will support himself or herself, what arrangements are available to ensure that the person has access to and will take necessary medication, and what arrangements are possible for treatment beyond medication.

---

[7] Again, Lange argues that the circuit court committed plain error by accepting the examiners' reports, but he ignores the role that his manipulative conduct played in the court accepting the reports in the way it did. *See supra* ¶21. Lange's failure to object to the admission of the reports during the hearing also constitutes a forfeiture of his argument on appeal that the reports were improperly admitted. *See State v. Delgado*, 2002 WI App 38, ¶12, 250 Wis. 2d 689, 641 N.W.2d 490 (holding that under the forfeiture rule, a specific, contemporaneous objection is required to preserve a claim of error for appeal).

Sec. 971.17(4)(d). The State has "the burden to prove by clear and convincing evidence that the commitment should continue because the individual is presently a danger to himself, herself or others." *State v. Randall (Randall I)*, 192 Wis. 2d 800, 808, 532 N.W.2d 94 (1995).

¶28 Here, the circuit court relied on reports filed by Dr. Freiburger and Dr. Black, both of which recommended against Lange's conditional release. Those reports support both the court's determination that Lange was dangerous and its decision denying conditional release. Both reports noted Lange's initial offense (sexual assault of a child); his multiple revocations on conditional release; his rule violations while on conditional release; and his failure to take responsibility for his actions.

¶29 Doctor Freiburger noted Lange's failure to follow rules while at Mendota Mental Health Institute, his inability to get along with other patients and staff, and his inappropriate sexual behavior toward female patients. Doctor Black also noted Lange's "obsessive need to continue writing women in correctional settings," which resulted in two complaints from women for harassment, stalking, and solicitation of "sex letters." Finally, both doctors noted Lange's inability to control his behavior in a more independent setting. In particular, Black opined that if Lange were released too soon, his pattern of "resisting rules, acting out and not taking responsibility for what happens, will again cause him to fail in the community[.]" Similarly, Freiburger opined that Lange required "a specialized or residential level of support and placement to ensure the safety of the community and those around him."

¶30 In short, Dr. Freiburger's and Dr. Black's reports provide sufficient evidence to show that Lange would pose a significant risk to others if

conditionally released. Indeed, Lange does not argue otherwise, if the reports can be properly considered. By relying on these reports, the circuit court appropriately determined that Lange was dangerous and did not err by denying conditional release.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.